```
                                        CLERK'S OFFICE U.S. DIST. COURT
                                              AT ROANOKE, VA
                                                   FILED

                                              NOV 14 2005
```

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

| | |
|---|---|
| MICHAEL L. BROWN,<br>   Plaintiff, | Civil Action No. 7:05-cv-00657 |
| v. | **MEMORANDUM OPINION** |
| TRACY S. RAY, WARDEN, et. al.,<br>   Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Michael L. Brown, a Virginia inmate proceeding pro se, has submitted two Petitions for a Writ of Mandamus against state prison officials, which the court has filed as a single civil action. To the extent that plaintiff seeks to have this Court "mandamus" or direct an action by state officials, federal courts have no general mandamus power to compel action by state officials. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, as requests for mandamus action, Brown's petitions must be dismissed.

Because he is pro se and alleges that state prison officials are violating his rights, the court has also construed his complaint as a civil rights action, pursuant to 42 U.S.C. § 1983. Upon consideration of the complaint under § 1983, however, the court also finds that this action must be dismissed, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Brown complains that he was while housed at Red Onion State Prison in C-506, an inmate

1

in a nearby cell used a state-issued metal cup to beat on the metal toilet in his cell for hours every day; this inmate also kicked his door and flooded his cell. Brown alleges that by providing the inmate with a metal cup and toilet, prison officials facilitated the inmate's irritating actions, which deprived Brown of sleep. For these harms, Brown seeks $25,000 and a transfer.

Brown also asserts that prison officials at Red Onion are monitoring him illegally through hi-tech equipment installed in the lights and the glass of his cell and the shower area. He also asserts that a two-way speaker in his cell is an illegal device. Brown seeks $25,000 and injunctive relief, ordering that all monitoring equipment be removed.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Brown does not allege facts indicating that he suffered any serious or significant physical injury as a result of defendants' actions or that he is likely to do so. Therefore, he fails to state any constitutional claim regarding prison living conditions. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993); Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). The court dismisses this claim, pursuant to § 1915A(b)(1).

III.

Brown also fails to state a constitutional claim regarding the monitoring devices used in the prison. There need be only a rational connection between a prison policy and a legitimate penological interest, such as security. Turner v. Safley, 482 U.S. 78 (1987). The court considers four factors: (1) whether there is a "valid, rational connection" between the regulation and a

legitimate and neutral governmental interest; (b) whether there are alternative means of exercising the asserted constitutional right that remain open to inmates; (c) whether the extent to which accommodation of the asserted right will have an impact on prison staff, on inmates' liberty and on the allocation of limited prison resources; and (d) whether the regulation represents an "exaggerated response" to prison concerns. Id. at 89-91. Courts must defer to the judgment of prison officials in matters of prison administration, limiting judicial inquiry to whether a particular prison system or regulation violates constitutional or federal law. See Block v. Rutherford, 468 U.S. 576 (1984).

As Brown is housed in a maximum security prison, the court finds no respect in which the challenged video and audio surveillance devices violate his constitutional rights. Clearly, at a maximum security prison, prison officials have a strong security interest in monitoring the activities of all inmates–to ensure the safety of inmates and staff, to prevent destruction of state property, and to prevent inmates from escaping or harming themselves. The surveillance devices are rationally related to furthering these security interests and indeed, are less intrusive and less expensive than other methods, such as posting additional correctional officers in each unit. As the court finds no ground upon which plaintiff's allegations give rise to any constitutional violations, the court concludes that the complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of November, 2005.

/s/ James C. Turk
Senior United States District Judge

3

Case 7:05-cv-00657-JCT-mfu   Document 3   Filed 11/14/05   Page 3 of 3   Pageid#: 12